UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES BATISTA,

                        Plaintiff,                    **SUA SPONTE REPORT & RECOMMENDATION**

   -against-

                                                  CV 19-5660 (JMA) (AYS)

MEDICAL DIRECTOR, Suffolk Co. Jail;
DR. LING LU, Physician S.C.J.;
WARDEN, Suffolk County Jail; and
COUNTY OF SUFFOLK,

                        Defendants.
----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       On October 14, 2019, Pro Se Plaintiff James Batista ("Plaintiff") commenced this action against Defendants the Medical Director of the Suffolk County Jail (the "Jail"), Dr. Ling Lu ("Lu"), a physician at the Jail, the Warden of the Jail, and the County of Suffolk (collectively, "Defendants"), alleging, inter alia, that Defendants violated his civil rights, pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff's Complaint alleges that on or about January 24, 2018, Plaintiff was transferred from the Jail in Yaphank, New York to the First District Criminal Court in Central Islip, New York. According to Plaintiff, while waiting in one of the holding cells for the evening transport back to the Jail, he was singled out and "jumped" by two unknown inmates, who proceeded to strike Plaintiff in his mid-section and torso with their fists. During the transport back to the Jail, Plaintiff began experiencing pain in his upper body, which was exacerbated when he inhaled. Upon his arrival at the Jail, Plaintiff was seen by a nurse, who directed that he be taken to the medical unit and seen by a doctor. Plaintiff was thereafter seen by Defendant Lu, who opined that Plaintiff may have broken ribs and that Lu would put in an

1

order for an x-ray. Despite numerous requests by Plaintiff, he was not taken for an x-ray until February 5, 2018 – twelve days after the incident – at which time it was confirmed that Plaintiff had two broken ribs. (Compl. at 5-9.)

Other than the filing of a Complaint, Plaintiff has failed to participate in this action entirely. For the reasons set forth below, and, in particular, the fact that Defendants will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice.

## BACKGROUND

Plaintiff commenced this action pro se on October 4, 2019, while incarcerated. (Compl., Docket Entry ("DE") [1].) An initial conference was held before this Court on September 29, 2020, after Plaintiff's release from custody. Despite being served with a copy of the Order scheduling the initial conference at his last known address, (DE [17]), which Defendants' counsel obtained from the Jail, Plaintiff failed to appear for the conference. (Order of Shields, M.J., dated Sept. 29, 2020.) Nor did he contact the Court or Defendants' counsel as to his non-appearance. (Id.) As a result, the Court rescheduled the initial conference to October 28, 2020. (Id.) Defendants' counsel served Plaintiff with a copy of the Court's September 29, 2020 Scheduling Order at his last known address. (DE [18].)

Plaintiff again failed to appear for the rescheduled initial conference on October 28, 2020. (Order of Shields, M.J., dated Oct. 28, 2020.) Nor did he contact the Court or Defendants' counsel as to his non-appearance. (Id.) During the conference, Defendants' counsel advised the Court that the copy of the Court's September 29, 2020 Order they had served on Plaintiff at his last known address was returned as undeliverable. (Id.) The Court noted that

neither the Court nor Defendants' counsel are aware of any additional address information for Plaintiff. (Id.)

To date, there has been no communication by Plaintiff to the Court. In fact, the docket sheet still reflects Plaintiff's current address as the one from which mail has been returned as undeliverable. At no point during this action has Plaintiff contacted the Court to provide an updated address.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

3

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Generally, "no one factor is dispositive."  Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action.  Plaintiff has failed to make several appearances in this matter, all of them since being released from custody. Moreover, there has been no contact by Plaintiff with either Defendants' counsel or the Court. Nor does the Court even have an accurate current address for Plaintiff.  Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent. Indeed, since its inception, Plaintiff has failed to advance this litigation in any meaningful way.

At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation.  See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund").  This delay is unnecessary, unfair, and has impeded the Defendants' ability to marshal an effective defense.  As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by January 29, 2021. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
January 26, 2021

                 /s/ Anne Y. Shields
                 ANNE Y. SHIELDS
                 United States Magistrate Judge